**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3460 Wilshire Blvd., Suite 1212
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:      maimons@aol.com


Attorney for Plaintiffs
BHAVIN PATEL, Individually
and as Trustee of the Patel Family
Living Trust and JERUBHA LIFE LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHAVIN PATEL, Individually and as Trustee of the Patel Family Living Trust; JERUBHA LIFE LLC., <br><br> Plaintiffs, <br><br> v <br><br> CITY OF LOS ANGELES, a municipal corporation; DOES 1-10 INCLUSIVE, <br><br> Defendants. | **Case No.:** <br><br> **COMPLAINT FOR DAMAGES AND DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **[42 U.S.C. SECTION 1983 – VIOLATION OF CIVIL RIGHTS]** <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiffs BHAVIN  PATEL, Individually and as Trustee of the Patel Family Living Trust and JERUBHA LIFE LLC ("Plaintiffs" or as individually  named "BP' and "JL") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1.  Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Section 1983 and 42 U.S.C. Section 3604. State Supplemental Jurisdiction exists under 28 U.S.C. Section 1367.

## PARTIES

2.  Plaintiff BP is the legal and beneficial owner of a real property commonly known as the NEW BAY MOTEL ("Motel") located at 8301 S. Figueroa Street, Los Angeles, CA 90003. JL operates the motel, a duly formed limited liability company formed under the laws of the State of California, and which is owned by BP to operate the motel.

3.  Defendant CITY OF LOS ANGELES, a municipal corporation, was at all times material herein an incorporated municipality in Los Angeles County, CA, duly formed under the laws of the State of California.  ("City," or collectively with all other defendants "Defendants").

4.    The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs is unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

## FACTS COMMON TO ALL CLAIMS

5.   BP is a long time successful real estate and motel developer who has successfully operated the motel for many years.

6.   During the time that Plaintiffs have owned and operated the motel, until the present, they have done so lawfully and in compliance with all local, state and federal laws.

7.    In 2023, the City and the Defendants, and each of them, attempted to impose a conditional use permit ("CUP") on the operation of the motel because of alleged nuisance conditions and criminal activity alleged by the City and the Defendants, and each of them, to have existed at the motel.

8.    Over the past two years from the time of the filing of this Complaint, until the present, the City, and other multiple LAPD police officers have continuously entered onto the motel, without a warrant or consent of Plaintiffs, in both the parking lot area, and into the locked private areas and motel units, blocking residents and guests ingress, egress, and access to the motel, and also demanding, inspecting and seizing, without a warrant or consent of Plaintiffs the motel registration records of residents and guests of the motel, and the motel video footage taken by the security cameras threatening Plaintiffs and their employees of the motel that if access to the motel and motel records were denied that they would arrest and cite them for alleged violations of local and state law.

9.    In doing the actions set forth in paragraph 9 above, the City, and other multiple LAPD police officers have continuously entered onto the motel, without a warrant or consent of Plaintiffs, on a daily basis at a minimum of three times daily, and stopped, searched and seized residents and guests, and in doing so have parked their police vehicles in the parking lot for extended period of times.

10. In doing the actions set forth in paragraphs 8-9 above, Plaintiffs' residents and guests, are and were, primarily low income minority individuals of African American and Hispanic origin

11.    After a hearing with the ZA in 2023, on August 15, 2023, the ZA imposed upon the recommendation of City, and City Council Member MARQUEECE HARRIS-

4

DAWSON ("HD"), the Council Member in the Eighth District where the motel is located, ordering the motel closed .

12.  Subsequent to the ZA order, Plaintiffs filed a timely appeal of the decision to the City Planning and Land Use Committee ("PLUM Committee") and the City Council.

13.  A hearing on the appeal was heard in October 2023 before the PLUM Committee in which Plaintiffs' counsel, Plaintiffs were present to testify on Plaintiffs' behalf to reverse the decision of the ZA to impose a CUP.

14.  At the hearing, HD who chaired the PLUM Committee that day, pursuant to City policy, custom, and practice, informed Plaintiffs' counsel, that Plaintiffs would be given only three minutes to speak regarding the appeal.

15.  The three minute time limit for speakers on such appeals such as Plaintiffs' is the long standing policy, custom and practice applied to all such appeals before the PLUM Committee and has been so for years.

16.  The three minute time limit is imposed by the PLUM Committee despite the fact, that the City's long standing policy, custom and practice applied to all such appeals before the PLUM Committee that has been so for years, is that the recommendation of the PLUM Committee, which consists of a small subset of City Council Members, to either accept or deny such an appeal is then placed on the City Council consent calendar for adoption of the recommendation without testimony or argument.

17. At the PLUM Committee hearing, Plaintiffs' counsel objected to the three minute time limit, stating that such a short time limit violated among other constitutional objections the procedural component of the Due Process Clause of the Fourteenth Amendment of the United States Constitution by failing to provide Plaintiffs with a meaningful opportunity to respond.

18.. Despite the objections by Plaintiffs' counsel to the three minute time limit, the PLUM Committee did not allow any further time to speak or present the Plaintiffs' appeal, and denied the appeal with a recommendation to the City Council to do the same on the City Council's consent calendar without any presentation.

19. At the PLUM Committee, the Committee allowed the ZA to present the ZA's portion of the appeal beyond the three minute time limit, allowing the ZA, and MATTHEW LUM, a representative of the ZA and police officers to speak and present their case for over a half an hour (1/2) hour.

20. At the PLUM Committee hearing, HD made deprecatory remarks against Plaintiffs demonstrating his bias to Plaintiffs and the appeal, and Plaintiffs, and Plaintiffs' counsel, objected to the remarks, and requested that an independent hearing officer hear the matter given the bias, or at a minimum, appearance of bias, but such request was denied.

21. On October 25, 2023, the City Council placed Plaintiffs' appeal on the Consent calendar with no argument to be heard by the Plaintiffs.

22. On October 25, 2023, the City Council affirmed the ZA's order on the motel, by way of the consent calendar and without hearing the appeal.

23. Subsequent to the adoption by the City Council of a resolution denying Plaintiffs' appeal and affirming the ZA's order on the motel ("Resolution"), the City Clerk did not comply with California Code of Civil Procedure Section 1094.6 to serve the Plaintiffs, and Plaintiffs' counsel with the Resolution satisfying the requirements under said statute, thus the decision under California State law has not become administratively final.

24. Nevertheless, since the adoption of the Resolution, the City, and the Defendants, and each of them. including other multiple LAPD police officers have continuously entered onto the motel, without a warrant or consent of Plaintiffs, in both the parking lot area, and into the locked private areas and motel units, blocking residents and guests ingress, egress, and access to the motel, and also threatening Plaintiffs and their employees of the motel that if access to the motel and motel records were denied that they would arrest and cite them for alleged violations of local and state law, and threatened to close the motel. The actions taken by the City, and the Defendants, and each of them. has also been done in order to transfer the motel to a third party developer at a reduced purchase price, as part of a City policy to close motels in the South Los Angeles corridor and transfer such motels to third party developers.

25. During the course of the actions by the City, and the Defendants, and each of them, set forth in paragraphs 7-24, above, the City has refused to allow the Plaintiffs to enter the City's Inside Safe Program which is designed to use motels for assistance in providing housing to the homeless.

26. Under the program, the City operates the motel, not the owner or licensed operator, so that even if there were a nuisance problem at the motel as alleged by the City, a fact that Plaintiffs deny, the problem would not occur while the City operates the motel for the homeless individuals residing at the motel.

27. Other similarly situated motels in the same vicinity as this motel have been admitted into the program.

Based on the above facts, Plaintiffs allege the following claims.

**FIRST CLAIM OF RELIEF**

**(Violation of 42 U.S.C. Section 1983 by All Plaintiffs
Against All Defendants)**

28. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-27 above.

29. Plaintiffs allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

30. Plaintiffs further allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, violated and further threaten to

violate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the First and Fourteenth Amendment of the United States Constitution Petition and Grievances Clause; the Fourth and Fourteenth Amendment of the United States Constitution Search and Seizure Clause; the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause.

31.    Plaintiffs further allege that in doing all of the things herein mentioned, the City, violated and further threaten to violate the constitutional and civil rights of the Plaintiff, as described in paragraphs 1-27 set forth herein, pursuant to the City's official policy, custom or practice.

32.    Individual Defendants are not entitled to any immunity, qualified or otherwise, and the individual City officials employed by the City whose identity are unknown now, are not entitled to qualified immunity.

33.    As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $10,000,000.00 against each Defendant, and is also entitled to appropriate declaratory and injunctive relief.  Plaintiff is also entitled to his reasonable attorney's fees under 42 U.S.C. Section 1988.

9

## SECOND CLAIM OF RELIEF

### (Violation of 42 U.S.C. Section 3604, et seq. by All Plaintiffs Against All Defendants)

34. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-33 above.

35. Plaintiffs allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 3604, et seq., the Federal Fair Housing ACT ("FHA").

36. Plaintiffs further allege that in doing all of the things herein mentioned, the City and all of the defendants, and each of them, violated and further threaten to violate the FHA by discriminating and failing to make reasonable accommodations to the Plaintiffs, who are African-American, and their tenants who are low income minorities African American and Hispanics, in the providing of shelter for the homeless.

37. Individual Defendants are not entitled to any immunity, qualified or otherwise, and the individual City officials employed by the City whose identity are unknown now, are not entitled to qualified immunity.

38. As a proximate result of the foregoing actions of the defendants and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than

$10,000,000.00 against each Defendant, and is also entitled to appropriate declaratory and injunctive relief.  Plaintiffs are also entitled to their reasonable attorney's fees under the FHA.

### THIRD CLAIM OF RELIEF

**(Petition of Writ of Mandate by All Plaintiffs
Against Defendant City of Los Angeles)**

39.    Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-38 above.

40.    Plaintiffs equitable state remedy in seeking review of the City's decision to adopt the decision and Resolution to close the motel, and deny the Plaintiffs' appeal, is to seek mandamus review by way of this Writ Petition under California Code of Civil Procedure section 1094.5.

41.    The City violated its duties both under California state law and federal law, and specifically, although not limited to, violating by adoption of the Resolution to impose and then revoke the CUP in a manner as required by law, without the support of competent evidence.

42.    Plaintiffs elect to not expose his federal constitutional claims in this state Writ Petition and preserve their federal constitutional claims to be litigated under 42 U.S.C. 1983 and by way of an England reservation. See England v Medical Examiners, 375 U.S. 411 (1964).

43.    Further, this Writ Petition is a special proceeding under California state law and has no preclusive effect on Plaintiff's constitutional claims under 42 U.S.C. Section 1983, and such constitutional claims and remedies provided under 42 U.S.C. Section 1983 is supplemental to any state remedy and not contingent on such state

11

remedy.

47.   By the City failing to give the required notice under <u>California Code of Civil Procedure</u> section 1094.6, this Writ Petition is tolled under <u>California Code of Civil Procedure</u> section 1094.6 and applicable California law, and is also equitably tolled under Ninth Circuit precedent.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

### FIRST CLAIM FOR RELIEF

1.   For damages according to proof at trial but believed to be not less than $10,000,000.00;

2.   For appropriate declaratory and injunctive relief;

3.   For attorney's fees;

### SECOND CLAIM FOR RELIEF

4.   For damages according to proof at trial but believed to be not less than $10,000,000.00;

5.   For appropriate declaratory and injunctive relief;

6.   For attorney's fees;

### FOURTH CLAIM FOR RELIEF

7.   For a writ of mandate vacating the City's adoption of the resolution to close the motel and deny Plaintiffs' appeal;

**FOR ALL CLAIMS FOR RELIEF**

7.  For costs of suit;

8.  For such other and further relief as the Court deems proper.

Dated: January 18, 2024                LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs BHAVIN
PATEL, Individually and as Trustee
of the Patel Family
Living Trust and JERUBHA LIFE LLC

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

Dated: January 18, 2023                LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
_____
FRANK A. WEISER, Attorney for
for Plaintiffs BHAVIN
PATEL, Individually and as Trustee
of the Patel Family
Living Trust and JERUBHA LIFE LLC