UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-493 | Date | February 13, 2024 |
|---|---|---|---|
| Title | Bhaven Patel, et al. v. City of Los Angeles | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS — COURT ORDER & ORDER TO SHOW CAUSE

The Court is in receipt of the Motion to Dismiss filed by Defendant City of Los Angeles ("the City"). (Docket No. 10.) This Court maintains a firm policy of reducing unnecessary motion practice and requires counsel to "discuss thoroughly . . . the substance of the contemplated motion and any potential resolution." Local Rule 7-3. Local Rule 7-3 provides:

> In all cases not listed as exempt in L.R. 16-12, and except in connection with discovery motions (which are governed by L.R. 37-1 through 37-4) and applications for temporary restraining orders or preliminary injunctions, counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. The conference shall take place at least seven (7) days prior to the filing of the motion.
>
> If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect:
>
> "This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)."

Local Rule 7-3 imposes upon the counsel for the moving party the obligation to contact opposing counsel, and imposes upon the non-moving party the obligation to participate in good faith in the conference of counsel. In another matter pending before this Court, <u>Williams v. City of Los Angeles, et al.</u>, CV 23-688 PA (Ex), plaintiff's counsel, Frank Weiser, failed to comply with Local Rule 7-3 in conjunction with the City's Motion to Dismiss the Complaint. In the <u>Williams</u> matter, the Court issued an order requiring that counsel meet and confer in compliance with Local Rule 7-3, and either file a Notice of Withdrawal or a Joint Report. (CV 23-6881 PA,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 24-493 | Date | February 13, 2024 |
|---|---|---|---|
| Title | Bhaven Patel, et al. v. City of Los Angeles | | |

Docket No. 19.)  In that Order, counsel was warned that "[f]uture violations of the Local Rules, Federal Rules of Civil Procedure, or the Court's orders may result in the imposition of sanctions."  (Id.)

Accordingly, the Court orders counsel in this matter to meet and confer no later than February 20, 2024.  By no later than February 21, 2024, either the moving party shall file a Notice of Withdrawal or the parties shall file a Joint Report attesting to their meet and confer efforts and setting forth specific points of disagreement raised during the Local Rule 7-3 conference.  Counsel are admonished that the failure to make a good faith effort to reach a resolution or the taking of unreasonable and intractable positions during the meet and confer process may result in dismissal of the action, striking the Motion and entering default, and/or the imposition of monetary sanctions.  Future violations of the Local Rules, Federal Rules of Civil Procedure, or the Court's orders may also result in the imposition of sanctions.

Moreover, the Court orders plaintiff's counsel, Frank Weiser, to show cause why he should not be sanctioned in the amount of $1,000 for again failing to comply with Local Rule 7-3.  Plaintiff's counsel is ordered to file his response on or before February 21, 2024.  Failure to timely respond may result in the dismissal of the action, or the imposition of further sanctions.

IT IS SO ORDERED.